# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 07-35784-cgm |
| | Chapter 13 |
| EDWARD FERTIK | |
| Debtor | |
| | |
| | Adv. Pro. |
| EDWARD FERTIK | |
| Plaintiff | |
| | |
| v. | |
| | |
| NAVIENT SOLUTIONS LLC | |
| Defendant | |

## PLAINTIFF'S COMPLAINT

Plaintiff Edward Fertik ("Fertik" or "Plaintiff"), by and through her undersigned counsel, hereby files this first amended complaint upon personal knowledge as to those matters within his knowledge, and upon information and belief as to all other matters, as follows:

## JURISDICTION

1. This court has jurisdiction over violations of the discharge injunctions as core matters arising under the Bankruptcy Code pursuant to 28 U.S.C. 157 and 28 U.S.C. 1409.

2. Venue is proper in the Southern District of New York under 28 U.S.C. 1409(a).

## PARTIES

3. Edward Fertik is a natural person and citizen of the State of New York who obtained a discharge from this Court in 2012.

4. Navient Solutions LLC is a limited liability corporation headquartered in the state of Pennsylvania.

## **FACTS**

5. On February 13, 1990, Fertik incurred one private educational loan in the amount of $5,500 from Sallie Mae for attendance at the New School of Social Research, a school that is not accredited by the United States Department of Education ("Navient Loan" or "Debt").

6. On April 23, 1990, Fertik incurred one private educational loan in the amount of $5,000 from Sallie Mae for attendance at for attendance at the New School of Social Research, a school that is not accredited by the United States Department of Education ("Navient Loan" or "Debt").

7. On May 30, 2007, Fertik filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.

8. Fertik listed on Schedule F of the petition a certain "Student loan" owed to Sallie Mae Servicing.

9. On or about June 26, 2012, this Court issued a discharge order in Debtor's bankruptcy proceeding.

10. On or about June 28, 2012, Sallie Mae (Navient's predecessor-in-interest) received notice of discharge.

11. Fertik did not enter into an agreement under section 524(c) of the Bankruptcy Code.

12. The Debts were not non-dischargeable educational loans or conditional educational grants under section 523(a)(8).

13. Neither Sallie Mae, nor Navient filed an adversary proceeding contesting dischargeability under section 523(a)(8).

14. The Debts were therefore discharged by operation of law pursuant to section 727(b) of the Bankruptcy Code.

15. Notwithstanding discharge of the Debts, Navient and its agents misrepresented the Debts as non-dischargeable and initiated monthly collection efforts.

16. Fertik repaid more than $20,000 on the discharged Debts since 2012.

## CLAIMS FOR RELIEF

### Count One: Declaratory Judgment

17. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

18. Plaintiff requests declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(9) that the Navient Loans are not non-dischargeable student loans or qualified education loans under section 523(a)(8), and were therefore discharged upon entry of the applicable discharge injunctions.

### Count Two: Violations of the Discharge Order

19. Plaintiff hereby incorporates the allegations in the preceding paragraphs as if fully set forth herein.

20. The Navient Loans were discharged pursuant to Plaintiff's Discharge Order because they were unsecured consumer loans and not non-dischargeable student loans.

21. Defendant was notified of the Plaintiff's Discharge Order pursuant to Federal Rule of Bankruptcy Procedure 4004(g).

22. Defendant nonetheless sought to collect on these debts, either directly or indirectly, by use of dunning letters, phone calls, negative reports made to the major credit bureaus, failure

to update these credit reports, and commencing or continuing legal action to recover the discharged debts in violation of 11 U.S.C § 524.

23. Plaintiff requests that Defendant be cited for civil contempt and ordered to pay damages in an amount to be determined at trial for the willful violations of the discharge injunctions pursuant to 11 U.S.C § 105 and also request an award of attorneys' fees and costs.

## PRAYER

In light of the foregoing, Plaintiff requests that Defendant be cited to appear and judgment be entered against Defendant for:

(1) declaratory relief that Navient Loans were discharged upon entry of the applicable discharge order;

(2) injunctive relief prohibiting Defendant from continuing to seek collection on discharged debts;

(3) actual damages and sanctions for discharge violations;

(4) attorneys' fees and costs to the fullest extent permitted under the law;

(5) prepetition and post-judgment interest; and

(6) other such relief as the Court deems just and proper.

Respectfully submitted,

By:    /s/ Austin C. Smith

Austin C. Smith
SMITH LAW GROUP
99 Wall Street, No. 426
New York, New York 10005
Telephone: (917) 992-2121
Austin@acsmithlawgroup.com

4