| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>Poughkeepsie Division | PJH 9510<br>Tax ID No. 11 3178696 |
| In re:<br><br>EDWARD FERTIK,<br><br>    Debtor. | Bankr. Case No.: 07-35784-cgm<br><br>Chapter 13 |
| EDWARD FERTIK,<br><br>    Plaintiff,<br>v.<br><br>NAVIENT SOLUTIONS, LLC,<br><br>    Defendant. | Adv. Proc. No.: 22-09015-cgm |

**NAVIENT SOLUTIONS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Navient Solutions, LLC ("NSL"), by and through its undersigned counsel, hereby provides its Answer to the allegations of Plaintiff, Edward Fertik ("Plaintiff")'s Complaint ("Complaint"), and states as follows:

**JURISDICTION**

1.-2.   Admitted.

**PARTIES**

3.   Admitted, upon information and belief, as NSL is has no specific knowledge regarding whether Plaintiff is a citizen of the State of New York.

4.   Denied as stated. By way of further response, NSL is a Delaware limited liability company with its principal place of business in Delaware.

**FACTS**

5. It is admitted that the Plaintiff was indebted to NSL pursuant to the applicable terms of one (1) educational loan, initially disbursed on or about February 7, 1990, which was paid in full on or about January 28, 2016 and currently reflects a zero ($0.00) balance. As to the balance of the averments contained within this paragraph of Plaintiff's Complaint, at this time NSL is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

6. It is admitted that the Plaintiff was indebted to NSL pursuant to the applicable terms of one (1) educational loan, initially disbursed on or about May 2, 1990, which was paid in full on or about February 25, 2016 and currently reflects a zero ($0.00) balance. As to the balance of the averments contained within this paragraph of Plaintiff's Complaint, at this time NSL is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

7. Admitted.

8. Denied as stated. Admitted that the Plaintiff identified a student loan owed to Sallie Mae Servicing on Schedule E of his bankruptcy petition.

9. Admitted.

10. At this time, NSL is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

11. NSL is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

12. It is specifically denied that the Plaintiff's educational loans at issue were dischargeable in the absence of a judgment of undue hardship, were not qualified educational loans, were not loans made under a program funded in whole or in part by a nonprofit institution, or were otherwise dischargeable debts. All other allegations in this paragraph of Plaintiff's Complaint not specifically admitted herein are denied.

13. Admitted, nor was this necessary.

14. It is specifically denied that the Plaintiff's educational loans at issue were dischargeable in the absence of a judgment of undue hardship, were not qualified educational loans, were not loans made under a program funded in whole or in part by a nonprofit institution, or were otherwise dischargeable debts. All other allegations in this paragraph of Plaintiff's Complaint not specifically admitted herein are denied.

15. It is specifically denied that the Plaintiff's educational loans at issue were dischargeable in the absence of a judgment of undue hardship, were not qualified educational loans, were not loans made under a program funded in whole or in part by a nonprofit institution, or were otherwise dischargeable debts. Further, it is specifically denied that NSL made any such misrepresentation(s) to the Plaintiff, or engaged in any other improper conduct. All other allegations in this paragraph of Plaintiff's Complaint not specifically admitted herein are denied.

16. At this time, NSL is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

## CLAIMS FOR RELIEF

**Count One: Declaratory Judgment**

17. No response.

18. This paragraph of Plaintiff's Complaint contains conclusions of law and requests for relief, to which no responses are required, but in an abundance of caution, are denied.

**Count Two: Violations of the Discharge Order**

19. No response.

20. This paragraph of Plaintiff's Complaint contains conclusions of law, to which no responses are required, but in an abundance of caution, are denied. It is specifically denied that the Plaintiff's educational loans at issue were dischargeable in the absence of a judgment of undue hardship, were not qualified educational loans, were not loans made under a program funded in whole or in part by a nonprofit institution, or were otherwise dischargeable debts.

21. At this time, NSL is without information or knowledge sufficient to form a belief as to the truth of the averments contained within this paragraph of Plaintiff's Complaint and, therefore, denies same.

22. It is specifically denied that the Plaintiff's educational loans at issue were dischargeable in the absence of a judgment of undue hardship, were not qualified educational loans, were not loans made under a program funded in whole or in part by a nonprofit institution, or were otherwise dischargeable debts. Further, it is specifically denied that NSL engaged in any improper conduct. All other allegations in this paragraph of Plaintiff's Complaint not specifically admitted herein are denied.

23. This paragraph of Plaintiff's Complaint contains requests for relief, to which no responses are required, but are nevertheless denied.

**PRAYER**

This unnumbered paragraph of Plaintiff's Complaint contains requests for relief, to which no responses are required, but are nevertheless denied.

## AFFIRMATIVE DEFENSES

1. Laches.

2. Statute of limitations.

3. Ineffective service of process.

WHEREFORE, Navient Solutions, LLC respectfully requests judgment in its favor and against Plaintiff and such other relief as is just and equitable.

Respectfully submitted,

By: */s/ Paul J. Hooten*
Paul J. Hooten  PJH9510
Paul J. Hooten & Associates
5505 Nesconset Highway
Suite 203
Mt. Sinai, NY  11766
Telephone: (631) 331-0547
Facsimile: (631) 331-2627
Email: pjhooten@mindspring.com
Attorneys for Navient Solutions, LLC

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>Poughkeepsie Division | PJH 9510<br>Tax ID No. 11 3178696 |
| In re: | Bankr. Case No.: 07-35784-cgm |
| EDWARD FERTIK, | Chapter 13 |
| Debtor. | |
| EDWARD FERTIK, | Adv. Proc. No.: 22-09015-cgm |
| Plaintiff,<br>v. | |
| NAVIENT SOLUTIONS, LLC, | |
| Defendant. | |

### CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I am more than 18 years of age and not a party to the matter concerning which service was accomplished. I further certify that on the 15th day of August, 2022, I served via e mail a true and correct copy of Navient Solutions, LLC's Answer to Plaintiff's Complaint, upon the following persons:

Austin C. Smith
Smith Law Group LLP
99 Wall Street
Ste No. 426
New York, NY  10005
austin@acsmithlawgroup.com

                           By:    */s/ Paul J. Hooten*
                                   Paul J. Hooten  PJH9510
                                   Paul J. Hooten & Associates
                                   5505 Nesconset Highway, Suite 203
                                   Mt. Sinai, NY  11766
                                   Telephone: (631) 331-0547
                                   Facsimile: (631) 331-2627
                                   Email: pjhooten@mindspring.com
                                   Attorneys for Navient Solutions, LLC